```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

FRANCIS E. ARENELLA,            )
                                )
        Plaintiff,              )
                                )
        v.                      )
                                )   C.A. No. 14-14764-DPW
                                )
NCCI GARDNER, MA,               )
                                )
        Defendant.              )
                                )

                              ORDER
                        February 12, 2015

For the reasons set forth below, the Court orders the plaintiff to (1) file a complaint; and (2) pay the $400 filing and administrative fees or see leave to proceed without prepayment of the filing fee.

## I.  Background

Francis E. Arenella, who is incarcerated at NCCI Gardnder, has submitted three letters in which he asks that this Court order the staff of NCCI Gardner to provide all records of the mail that the institution has received or sent for Arenella. Arenella believes that incoming mail is being withheld and outgoing mail is not being delivered.  Although the Clerk has docketed one of the letters as a complaint, Arenella has not filed such a pleading.

## II.  Discussion

### A.  Filing of a Complaint

"A civil action is commenced by filing a complaint with the court."  Fed. R. Civ. P. 3.  Arenella's letters requesting injunctive relief do not constitute a complaint.  If he wishes to

pursue this action, he must file a complaint. I cannot consider a motion for injunctive relief without an underlying claim that identifies the parties, the basis of the Court's jurisdiction, non-conclusory factual allegations from which I may reasonably infer that the defendants have engaged in misconduct, claims for relief, and the remedy sought.[1] Further, under the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties," and the claims in a pleading must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(a), (b).

**B.  Filing Fee**

In addition, Arenella must either prepay the $350 filing fee and the $50 administrative fee or file a request to proceed without prepayment of the fee (often referred to as a motion for leave to proceed *in forma pauperis*). Where, as here, the plaintiff is a prisoner, a motion for waiver of prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the

---

[1] Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must include, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 66 (1st Cir. 2004)). This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why." *Id.* (quoting *Educadores*, 367 F.3d at 68). The plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

2

prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis* status. Based on the information contained in the prison account statement, I will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(1)-(2).[2] Even if I dismiss the action upon a preliminary screening, *see* 28 U.S.C. §§ 1915(e)(2), 1915A, or Arenella is otherwise unsuccessful in this action, he remains obligated to pay the $350 filing fee.

### III. Conclusion

Accordingly, if Arenella wishes to pursue this action he must, within forty-two days of the date of this order:

1. Pay the $400 filing and administrative fees or file a motion for leave to proceed *in forma pauperis* with a six-month certified prison account statement; and

2. File a complaint.

Failure to comply with this order will result in dismissal of the action without prejudice. The Clerk shall send the

---

[2]The $50.00 administrative fee became effective May 1, 2013; it does not apply to persons proceeding *in forma pauperis*. *See* Judicial Conference Fee Schedule.

plaintiff an Application to Proceed in District Court Without Prepaying Fees or Costs, which Arenella may complete and file (with the prison account statement) as a motion for leave to proceed *in forma pauperis*.

SO ORDERED.

                                                /s/ Douglas P. Woodlock
                                                DOUGLAS P. WOODLOCK
                                                UNITED STATES DISTRICT JUDGE