UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANCIS ARENELLA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHEILA CREGG and CAROLYN MURPHY, )<br>)<br>Defendants. )<br>) | Civil Action No.<br>14-14764-FDS |

**MEMORANDUM AND ORDER ON**
**PLAINTIFF'S MOTIONS FOR IMMEDIATE RELIEF**

**SAYLOR, J.**

Plaintiff Francis Arenella, a *pro se* prisoner, brings this civil action under 42 U.S.C. § 1983 alleging that two prison officials at the Massachusetts Department of Correction's North Central Correctional Institution-Gardner ("NCCI-Gardner") are interfering with his mail. The defendants are Sheila Cregg, the NCCI-Gardner treasurer, and Carolyn Murphy, the NCCI-Gardner librarian. Along with the complaint and motion to proceed *in forma pauperis*, Arenella has filed numerous letters, motions seeking to supplement his complaint, motions to amend his complaint, motions to appoint counsel, motions for injunctive relief, and motions for summary judgment.

In his most recent motions, Arenella alleges that his constitutional rights under the Sixth and Eighth Amendments were violated because he was allegedly denied an opportunity to speak with his attorney or to contact the District Attorney when an NCCI-Gardner officer questioned him, despite his request to do so. He requests three forms of relief: (1) dismissal of his "ticket,"

a disciplinary sanction for violation of prison rules; (2) removal of the sanctions against him, including his loss of canteen privileges; and (3) immediate relocation to "I-East."

Arenella has filed several motions.  He has filed two motions for injunctive relief (Docket Nos. 89, 91) and three motions for "immediate" relief, one if which appears to be a motion to amend (Docket Nos. 97, 102, 111).  He has also filed a motion for an extension of time to oppose defendants' motion to dismiss the complaint (Docket No. 108), although there is no motion to dismiss currently pending.  He has also filed a motion "for admittance of an exhibit" (Docket No. 115), which appears to be a letter that he sent to the Governor.  The Court will construe that motion as a request to add an exhibit to his motions for injunctive relief.  Finally, Roy Limbaugh, another prisoner at NCCI-Gardner proceeding *pro se*, has filed a motion for joinder in this civil action.  For the following reasons, the motion to add an exhibit to plaintiff's motions will be granted, and the remainder of the motions will be denied.

## I.     Background

In his motions, Arenella contends that a fellow prisoner at NCCI-Gardner, Sean Bracey, assaulted him on four different occasions from July to October 2015.  He contends that after requesting help in filing a criminal complaint against Bracey from prison staff, he was "put in protective custody" on December 14, 2015.  Arenella contends that placing him in protective custody was a retaliatory action by the prison staff in response to both his attempt to file a criminal complaint against Bracey and his filing of this lawsuit.  Later in the day on December 14, Officer Jason Hayden met with Arenella and questioned him about the alleged assaults.  Arenella contends that he requested both a criminal complaint form and an opportunity to speak with either the District Attorney's Office or his attorney, but Officer Hayden did not provide a form or permit him to contact counsel.  On December 18, 2015, Officer Lincoln issued what

Arenella describes as a "ticket," and Arenella signed a guilty plea.[1] The disciplinary ticket required Arenella to spend five days in disciplinary detention and resulted in his loss of canteen privileges for forty-five days. Arenella contends that Lincoln promised him that he would be relocated to his original unit, "I-East," if he signed the guilty plea. (*See* Docket Nos. 89, 91, 97, 102).

In Arenella's most recent motion for immediate relief, he contends that the prison librarian, Ms. Murphy, has delayed photocopying a number of legal documents for the prisoners. Specifically, he cites an incident on March 7, 2016, where Ms. Murphy allegedly brought his legal document into her office, held onto the document for over sixty minutes, and produced only one copy for him even though he requested three copies. (Docket No. 111).

## II. Analysis

### A. Motion to Add Exhibit

On March 24, 2016, Arenella moved for "admittance of an exhibit," which appears to be a letter he sent to the Governor regarding the conditions at NCCI-Gardner. As noted, the Court will construe the motion as a request to add an exhibit to his motions for injunctive and immediate relief. The motion to add the exhibit (Docket No. 115) will be granted.

### B. Motions for Injunctive and Immediate Relief

Arenella has filed two motions for injunctive relief (Docket Nos. 89, 91) and three motions for immediate relief (Docket Nos. 97, 102, 111). The five motions appear to mostly restate the same allegations and request the same relief.

---

[1] The Government explains in its opposition that Arenella was charged with the following offenses under 103 Code Mass. Regs. § 430.24 (2006): (3-01) Lying to or providing false information to a staff member and (3-27) Conduct which disrupts the normal operation of the facility or unit. Those are the allegations to which Arenella allegedly "pleaded guilty" by signing the ticket.

In their opposition to the motions, defendants correctly note that Arenella has not established a sufficient connection between the alleged harm and the individuals against whom he brings this action. To the extent that his motions seek preliminary injunctive relief against prison officials (such as Officers Hayden and Lincoln) other than the defendants, those persons are not parties to this case, and the amended complaint contains no reference to them. A preliminary injunction is not appropriate as to persons who are not (1) parties, (2) officers, agents, or employees of the parties, or (3) "other persons who are in active concert or participation with" the parties or their officers, agents, or employees. Fed. R. Civ. P. 65(d)(2). After consideration of Arenella's motions, there does not appear to be any evidence that the officers were acting in concert with the named defendants. Furthermore, there is no apparent basis for the motion because "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Arenella fails to set forth any connection between the allegations in his amended complaint and the relief sought in his motions.

As to Arenella's motions for injunctive relief against the named defendants, the allegations are unsubstantiated by any factual assertion regarding their specific conduct. His expressed fear of retaliation by the defendants, the prison's treasurer and librarian, is speculative and does not present a threat of immediate, irreparable harm. Injunctive relief may not be based on the mere possibility or unfounded fear of some future injury. *See In re Rare Coin Galleries, Inc.*, 862 F.2d 896, 902 (1st Cir. 1988).

Furthermore, to the extent that Arenella's motions contest the disciplinary sanctions he received, it appears that he has no grounds to contest the charges. Indeed, he admitted to the

conduct and waived his right to a disciplinary hearing on the charged offenses. By failing to file an administrative appeal regarding the sanctions, Arenella waived any due-process claim. *See Stokes v. Commissioner of Corr.*, 26 Mass. App. Ct. 585, 590-91 (1988). Therefore, each of the motions for injunctive or immediate relief related to the discipline he received after he reported the alleged assaults will be denied.

Furthermore, Arenella's most recent motion for immediate relief against Ms. Murphy for her photocopying practices fails to allege that the prison photocopying policy has caused him any legal injury. The photocopying policy does not appear to have impeded his litigation in this case. *See McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Therefore, this motion is also without merit and will be denied.

### C.     Motion for Extension of Time

On March 10, 2016, Arenella moved for an extension of time to oppose defendants' motion to dismiss (Docket No. 108). However, there is no motion to dismiss pending. Accordingly, the motion will be denied as moot.

### D.     Motion for Joinder

On March 14, 2016, *pro se* prisoner Roy Limbaugh moved for joinder in this civil action. (Docket No. 112). This is not the first time that other prisoners at NCCI-Gardner have sought to be added as plaintiffs in this action. (*See* Docket Nos. 7, 13, 18, 24, 26, 31, 32). Reaching the same conclusion that it did in the July 16, 2015 order on those motions, the Court will deny Limbaugh's motion without prejudice because the complaint must be amended if the case is to proceed as to both individuals. If the claims of Arenella and Limbaugh can be properly joined under Fed. R. Civ. P. 20, and Limbaugh wishes to litigate his claims together with Arenella's, the

proposed co-plaintiffs may seek to present their claims in an amended complaint. *See* Fed. R. Civ. P. 20(a)(1).

### III.   Conclusion

For the foregoing reasons,

1. Plaintiff's motion to add an exhibit to his motions is GRANTED. (Docket No. 115).
2. Plaintiff's first and second motions for injunctive relief are DENIED. (Docket Nos. 89, 91).
3. Plaintiff's first motion for immediate relief, his amended first motion for immediate relief, and his second motion for immediate relief are DENIED. (Docket Nos. 97, 102, 111).
4. Plaintiff's motion for an extension of time is DENIED. (Docket No. 108).
5. The motion for joinder of prisoner Roy Limbaugh is DENIED. (Docket No. 112).

**So Ordered.**

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
Dated: April 15, 2016                                   United States District Judge