UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
**FRANCIS ARENELLA,**                         )
                                              )
      Plaintiff,                         )
                                              )    **Civil Action No.**
      v.                                )    **14-14764-FDS**
                                              )
**SHEILA CREGG and CAROLYN MURPHY,**          )
                                              )
      Defendants.                       )
_____)

## MEMORANDUM AND ORDER ON
## PLAINTIFF'S MOTIONS TO APPOINT COUNSEL

**SAYLOR, J.**

      Plaintiff Francis Arenella, a *pro se* prisoner, brings this civil action under 42 U.S.C. § 1983 alleging that two prison officials at the Massachusetts Department of Correction's North Central Correctional Institution-Gardner ("NCCI-Gardner") are interfering with his mail. The defendants are Sheila Cregg, the NCCI-Gardner treasurer, and Carolyn Murphy, the NCCI-Gardner librarian.

      In the past, Arenella has filed motions for the Court to appoint him counsel. (*See* Docket Nos. 9, 38). The Court has denied those motions without prejudice because Arenella has not demonstrated "exceptional circumstances" that warrant appointment of counsel. (*See* July 16, 2015 Order, Docket No. 57). Since then, Arenella has again filed two nearly identical motions to appoint counsel. (Docket Nos. 105, 119).

      *Pro se* litigants "possess neither a constitutional nor a statutory right to appointed counsel." *Montgomery v. Pinchak,* 294 F.3d 492, 498 (3rd Cir. 2002); *see also DesRosiers v. Moran,* 949 F.2d 15, 23 (1st Cir. 1991) ("We start with bedrock. There is no absolute

constitutional right to a free lawyer in a civil case."). Rather, pursuant to 28 U.S.C. § 1915(e)(1), the Court maintains broad discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Weir v. Potter,* 214 F. Supp. 2d 53, 54 (D. Mass. 2002). The Court may request an attorney to represent a plaintiff if it finds that (1) the plaintiff is indigent and (2) exceptional circumstances exist such that the denial of counsel will result in a fundamental unfairness impinging on the party's due process rights. *DesRosiers*, 949 F.2d at 23. "To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing . . . on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." *Id.* at 24.

Even if Arenella is indigent, he has not demonstrated "exceptional circumstances" that warrant appointment of counsel. Rather, Arenella merely asserts (like almost any *pro* se litigant) that he needs assistance to conduct this litigation. Even assuming that Arenella's case appeared unusually meritorious—which, at this stage, it does not—he has not demonstrated why he is unable to represent himself.

Accordingly, Arenella's motions to appoint counsel (Docket Nos. 105, 119) are DENIED.

**So Ordered.**

Dated: April 25, 2016

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge