UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANCIS ARENELLA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 14-14764-FDS |
| ) | |
| SHEILA CREGG and CAROLYN ) | |
| MURPHY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER ON**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**SAYLOR, J.**

This is a *pro se* prisoner civil rights action. Plaintiff, Francis Arenella, is a former inmate housed at the North Central Correctional Institute ("NCCI"). He contends that while he was housed at NCCI, prison official interfered with his mail and denied him the right to make photocopies concerning legal matters. Defendants have filed an unopposed motion for summary judgment. For the following reasons, defendants' motion will be granted.

**I.   Background**

At all times relevant to the claims alleged in the amended complaint, plaintiff Francis Arenella was an inmate housed at NCCI in Gardner, Massachusetts. (Def. SMF ¶ 1). Defendants are employees at the prison. Sheila Cregg is the treasurer and Carolyn Murphy is the librarian. (*Id*. SMF ¶ 3).

The amended complaint alleges that between November 2013 and March 2015, Arenella submitted out-going mail to the NCCI mailroom, for which he was charged a fee. (Am. Compl.

¶ 1–2). It alleges that on three separate occasions, mail he sent went "missing." (*Id.* ¶ 4). It further alleges that Cregg's office refused to refund his account for the missing mail. (*Id.* ¶ 5).

The unopposed statements in defendants' statement of material facts indicate that based on a review of the postal service tracking record, two of the three "missing" pieces of mail were actually received by the addressee. (Def. SMF ¶ 7).[1] As to the third piece of mail, Arenella did not provide a tracking number when sending that piece as required by prison policy, so there is no way to tell whether it was delivered. (*Id.* ¶ 9).

The amended complaint makes a separate allegation against Murphy that she refused Arenella's requests to make photocopies of certain materials concerning legal matters for attorneys. (Compl. ¶¶ 7–9).

Arenella completed his criminal sentence and was released from custody on November 10, 2016. (*Id.* ¶ 2).

## II.  Standard of Review

The role of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Elec. Co.,* 950 F.2d 816, 822 (1st Cir. 1991) (quoting *Garside v. Osco Drug, Inc.,* 895 F.2d 46, 50 (1st Cir. 1990)). Summary judgment is appropriate when the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue is "one that must be decided at trial because the evidence, viewed in the light most flattering to the nonmovant . . . would permit a rational fact finder to resolve the issue in favor of either party." *Medina-Munoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir. 1990) (citation omitted). In evaluating a summary judgment motion, the court

---

[1] Plaintiff has not filed a response to defendants' statement of material facts. Under Local Rule 56.1, any unopposed statement made in a statement of material facts is "deemed for purposes of the motion to be admitted."

indulges all reasonable inferences in favor of the nonmoving party.  *See O'Connor v. Steeves*, 994 F.2d 905, 907 (1st Cir. 1993).  When "a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotations omitted).  The non-moving party may not simply "rest upon mere allegation or denials of his pleading," but instead must "present affirmative evidence." *Id.* at 256–57.

### III. Analysis

First, the *pro se* amended complaint alleges that defendants failed to reimburse plaintiff for the cost of sending mail that was never received by the addressee.  Based on the facts in the record, no reasonable juror could find defendants liable for the missing mail.  The undisputed facts show that two of the three pieces of mail that are at issue were received by the addressee.  Arenella has not provided the Court with any evidence or reason to believe that the third piece of mail was not received.  Accordingly, the motion will be granted as to the missing mail claim.

Second, the amended complaint alleges that the prison's refusal to provide plaintiff with attorneys' copies of material concerning legal matters interfered with his constitutional right of access to the courts.  Despite the allegations in the amended complaint, plaintiff has failed to produce any evidence, in the form of an affidavit, a verified complaint, or otherwise, that he was ever denied access to photocopies.  Even if the Court were to treat the *pro se* amended complaint as a verified complaint, this claim would nevertheless fail.  In order to pursue an access-to-courts claim, a plaintiff must demonstrate "actual injury" by showing "that an actionable claim . . . which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented, because [the] capability of filing suit has not been provided." *Lewis v.*

*Casey*, 518 U.S. 343, 356 (1996).  Plaintiff has made no attempt to show actual injury.

Accordingly, the motion for summary judgment will be granted as to the access-to-courts claim.

### IV. Conclusion

For the foregoing reasons, the motion for summary judgment is GRANTED.

**So Ordered.**

/s/  F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: April 7, 2017